■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY AHING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 13, 1985, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's motion to suppress a pen gun found on his person was properly denied. In *People v Class* (63 NY2d 491, *revd* 475 US 106, *on remand* 67 NY2d 431), the

Court of Appeals held that the nonconsensual entry of a police officer into an automobile to determine its vehicle identification number (hereinafter VIN), based solely on a stop for a traffic infraction, is violative of the State Constitution *(People v Class, supra,* at p 493). In the present case, however, the nonconsensual entry by the police into the vehicle operated by the defendant was predicated on more than his commission of a traffic infraction. After the police had stopped the defendant for failure to obey a stop sign, the defendant was unable to produce a driver's license. In addition, by peering through the windshield into the car, an act which did not constitute a search in and of itself *(People v Class, supra,* at pp 494-495; *see also, People v Cruz,* 34 NY2d 362, 370), a police officer was able to observe that the VIN plate affixed to the dashboard had apparently been altered. This observation, standing alone, was sufficient to establish probable cause for the defendant's arrest *(see,* Penal Law § 170.70), and gave the officers reason to suspect other criminal activity *(cf. People v Class, supra,* at p 496). Although the officers did not arrest the defendant immediately, acting upon their reasonably heightened suspicions, they entered the vehicle by opening the door to examine the VIN affixed to the door jamb and then, upon finding that the last character of that VIN had been "scratched out" opened the hood and examined the VIN on the engine. Noting that the VIN on the engine differed from the VIN on the dashboard, they then placed the defendant under arrest, and a search incident to that arrest revealed the presence of the pen gun on the defendant's person.

Under these circumstances, the defendant's reliance on *People v Class (supra)* is clearly misplaced. Here, the predicate for the officers' nonconsensual entry into the vehicle for the purpose of determining the VIN was considerably more than the mere fact that the defendant had been stopped for a traffic infraction. To the contrary, the actions of the police were at all times reasonably related in scope and intensity to the information available to them as their encounter with the defendant unfolded *(see, People v De Bour,* 40 NY2d 210; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Thus, the arrest of the defendant was amply supported by probable cause, and the seizure of the pen gun in the course of a search of his person incident to that arrest was lawful *(see, People v Belton,* 55 NY2d 49, 52-53). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.