■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MEYERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), entered March 20, 1985, convicting him of unauthorized use of a vehicle in the second degree, criminal possession of stolen property in the first degree and illegal possession of a vehicle identification number plate, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Upon stopping the defendant in a 1975 green Cadillac at 11:30 P.M. because of a cracked windshield the police asked him for his license and registration certificate. The defendant produced no driver's license but offered a two-part registration certificate for a white 1974 Cadillac showing ownership in the name of "Juan Lajara". While 1974 Cadillacs had round headlights, the defendant's vehicle was equipped with square headlights.

An officer shined his flashlight through the window on the driver's side of the automobile onto the VIN plate affixed to the dashboard, and observed that the rivets holding the plate were not the same rivets used by the manufacturer. Thereupon, the police asked the defendant to accompany them to the precinct for further investigation.

At the precinct the police examined the frame of the automobile to locate the confidential VIN number. A computer check of this number, which differed from the VIN number on

the dashboard, revealed that the vehicle had been reported stolen.

The defendant's claim that the vehicle was stopped on a whim is without merit. The question of whether the defendant was stopped in his automobile for driving with a vertical crack in his windshield hinges on the credibility of the witnesses. We perceive no reason to overturn the determination of the hearing court on that issue. "Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" *(People v Armstead,* 98 AD2d 726).

The vehicle was properly stopped for violating Vehicle and Traffic Law § 375 (22) *(see, People v De Bour,* 40 NY2d 210; *People v Ingle,* 36 NY2d 413; CPL 140.50 [1]). Having lawfully stopped the vehicle, the police were entitled to request verifying documentation *(People v De Bour, supra,* at 218), and shine a flashlight through the window to view the VIN plate in open view on the dashboard *(People v Lindo,* 115 AD2d 493).

The improperly affixed VIN plate together with the defendant's failure to offer a driver's license and proper registration generated probable cause to believe that the defendant committed numerous violations of the Penal Law including violation of sections 170.70 and 165.40 *(see, People v Ahing,* 125 AD2d 476). The same facts and circumstances furnished a predicate for the search of the frame of the vehicle which was confined to the area which customarily contains the confidential VIN number. Accordingly, the actions of the police were proper in all respects. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.