■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BARNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered September 11, 1987, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement.

Ordered that the judgment is affirmed.

The record supports the hearing court's conclusion that upon observing the defendant's car proceed through a red traffic light, the police had an articulable reason for making the initial stop of the car and, upon observing a gun being kicked under the seat by one of the passengers and upon hearing the defendant declare that he too had a gun, the police had probable cause to search the car and arrest its occupants without a warrant *(see, People v Ingle,* 36 NY2d 413; *People v Berrios,* 28 NY2d 361).

Contrary to defendant's contention, the mere fact that the arresting police officer was accused, during the course of an unrelated trial, of participating in corrupt police practices while assigned to the 77th Precinct in Brooklyn, does not render his testimony in this case incredible as a matter of law. We note that the court reopened the suppression hearing expressly to allow the defense to question the officer as to the allegations made against him and found the officer to be entirely credible. We find nothing in the record to disturb that conclusion *(see, People v Prochilo,* 41 NY2d 759; *People v Africk,* 107 AD2d 700; *People v Garafolo,* 44 AD2d 86). Mangano, J. P., Brown, Sullivan and Harwood, JJ., concur.