■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered February 14, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 6 to 12 years' imprisonment for criminal possession of a controlled substance in the third degree, to run consecutively to an indeterminate term of 3 to 6 years' imprisonment for criminal possession of a weapon in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision that the terms of imprisonment are to run consecutively and substituting therefor a provision that the terms of imprisonment shall run concurrently to each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the vehicle in which he was a passenger was lawfully stopped for having a broken headlight, a violation of Vehicle and Traffic Law § 375 (2) (a) (1) *(see, People v Ingle,* 36 NY2d 413; *People v Barnes,* 144 AD2d 371; *People v Meyers,* 139 AD2d 601). Thus, the weapon and bag of cocaine thereafter found in plain view on the floor of the vehicle were properly ruled admissible at trial. We find nothing in the record to warrant disturbing the hearing court's finding that the arresting police officer was a credible witness *(see, People v Prochilo,* 41 NY2d 759; *People v Africk,* 107 AD2d 700).

We find that the sentence was excessive to the extent indicated. The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.