(September 6, 1990)

■ In the Matter of MICHAEL P., a Person Alleged to be a Juvenile Delinquent, Appellant.—Final order of disposition of the Family Court, New York County (Leah Marks, J.), entered on or about June 22, 1988, by which appellant was adjudicated a juvenile delinquent and ordered placed on probation for a period not to exceed 18 months after a fact-finding hearing and determination that appellant committed acts that, if committed by an adult, would constitute the crimes of criminal possession of stolen property in the fourth degree and unauthorized use of a motor vehicle in the third degree, is unanimously affirmed, without costs.

The charges against the appellant were proven beyond a reasonable doubt. The arresting officer testified at the hearing that he had found the appellant driving an automobile. Appellant could not produce a license or registration; the automobile's glove compartment contained a repair bill showing the owner's name to be Carolyn Sutton; and appellant did not offer any explanation of how he acquired the car from Ms. Sutton. The presentment agency's uncontradicted evidence demonstrated that Ms. Sutton had left her car with a dealership for repair, and that it had disappeared from the dealership without explanation. The facts permit no reasonable conclusion other than that the car was stolen. Since the appellant was found in exclusive possession of the car after it was stolen, and since possession was unexplained, an inference of culpable knowledge that the car was stolen could be drawn (*People v Lewis*, 125 AD2d 918, 919).

The evidence also supports the finding of unauthorized use of a motor vehicle. Direct evidence showed that the appellant was driving the automobile and did not claim that he had the owner's permission to do so. He is, therefore, presumed to

have known that he did not have the owner's consent. (Penal Law § 165.05 [1].) *People v Weeden* (89 AD2d 814) is not to the contrary. Here, there was direct evidence giving rise to the statutory presumption. Further, whether or not the appellant may have had authorization from the repairmen is irrelevant. Under Penal Law § 165.05, the issue is whether or not the appellant had the owner's consent.

There is no merit to the contention that the arresting officer lacked probable cause to arrest appellant. The officer's testimony at the *Mapp* hearing, substantially the same as that given at the fact-finding hearing, showed that he made specific observations which justified the arrest. *(See, People v Meyers,* 139 AD2d 601, *lv denied* 72 NY2d 959.)

At the fact-finding hearing, the lower court did not err in prohibiting, as hearsay, nonparty testimony that four men had driven up to the appellant in the car and offered to sell it to him for $100, prompting him to agree to take the car for a test drive. Appellant offered this evidence on the issue of whether or not he believed the car to be stolen, and whether or not he believed himself authorized to use the car. As such, he was not offering it to show his state of mind *(People v Melendez,* 55 NY2d 445, 450, n 2). Even if there had been error, it would have been harmless. *(People v Valentin,* 130 AD2d 529, *lv denied* 70 NY2d 658.)* Moreover, even if this testimony were accepted, the acts and statements of these four strangers could not have given appellant reason to doubt that the car was stolen, or to believe that the owner had given her consent to the use of the car. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.