■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SPROW, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered December 20, 1988, convicting him of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The defendant, a motorist who was stopped for a traffic infraction but who was subsequently arrested for possession of marihuana and charged with possession of marihuana and cocaine, contests the determination of the hearing court that the marihuana was observed in plain view in the interior of the vehicle.

The resolution of the question of whether the marihuana was in plain view involved determinations of credibility of the witnesses. In the absence of any basis in the record for finding that the hearing court's determinations were "clearly errone-

ous" (see, People v Gordon, 150 AD2d 487; see also, People v Garafolo, 44 AD2d 86, 88) and according great weight to the hearing court's suppression determinations since it had the advantage of seeing and hearing the witnesses (see, People v Prochilo, 41 NY2d 759, 761), we decline to disturb its finding that the arresting State Troopers were credible witnesses and that the marihuana was in plain view (see, People v Lopez, 154 AD2d 715). Hence suppression of the marijuana and the other evidence was properly denied. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.