■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TATE, Appellant. [779 NYS2d 380]—Appeal from a judgment of the Erie County Court (Joseph P. McCarthy, J.), rendered June 4, 2002. The judgment convicted defendant, after a nonjury trial, of unauthorized use of a vehicle in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of unauthorized use of a vehicle in the second degree (Penal Law § 165.06). The evidence presented at trial established that the vehicle at issue was driven without the owner's consent (*see Matter of Michael P.*, 165 AD2d 651 [1990], *appeal dismissed* 77 NY2d 834 [1991], *lv denied* 77 NY2d 808 [1991]), and it cannot be said that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).. Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Martoche, Lawton and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON LOOMIS, Appellant. [779 NYS2d 380]—Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered April 22, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). Defendant was sentenced, as a second felony offender, to a determinate term of incarceration of five years plus five years of postrelease supervision. Defendant failed to preserve for our review his contention that his plea was not voluntarily and knowingly entered because he did not recite the details of the crime during the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]), nor does this case fall within the rare case exception to the preservation rule (*see id.* at 666). In any event, defendant's contention lacks merit (*see People v Gerber*, 182 AD2d 252, 259 [1992], *lv denied* 80 NY2d 1026 [1992]). Defendant's bargained-for sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Martoche, Lawton and Hayes, JJ.