■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD VERYZER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 23, 1983, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that his arrest was based upon less than probable cause is without merit. Following a radio call about a yellow Ford operating in a suspicious manner in the vicinity of a bank, with a license plate number which had been assigned to a different-colored automobile, the vehicle was properly stopped based upon the officer's reasonable suspicion that its driver had committed a traffic infraction. There-

after the officer's observations of the stolen property, which was in plain view, coupled with the defendant's implausible responses, provided probable cause to make the arrest *(see, People v David L.,* 56 NY2d 698, *cert denied* 459 US 866; *People v Williamson,* 107 AD2d 727).

Additionally, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we find the defendant's allegation of prosecutorial misconduct to have been unpreserved for appellate review (CPL 470.05 [2]), and in any event without merit *(see, People v Crawford,* 130 AD2d 678). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.