■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY DENNIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered December 12, 1985, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court erred when, after a suppression hearing, it failed to suppress certain evidence obtained after the defendant's arrest on January 14, 1985, as well as identification testimony relating to a January 8, 1985 police stop of his vehicle. The defendant asserts that the January 8th stop was unlawful and that the probable cause to arrest him on January 14th was based on evidence and information obtained as a result of that police illegality. We disagree.

On January 8, 1985, an unmarked police car pulled up behind the defendant's vehicle, which was stopped at an intersection and straddling the right-turn and left-turn lanes. Although nothing prevented the vehicle from proceeding, it remained standing at the intersection for approximately 20 seconds, blocking both the intersection and the unmarked police car. This failure to move offered reasonable grounds to suspect a violation of Vehicle and Traffic Law §§ 1128, 1201, and 1202 and justified the police stop of the defendant's vehicle *(see, e.g., People v Allah,* 131 AD2d 765, *lv denied* 70 NY2d 797). The stop was not the product of mere whim, caprice, or idle curiosity and the defendant was permitted to go on his way immediately thereafter *(cf., People v Ingle,* 36 NY2d 413). Consequently, any information and evidence ob-

tained as a result of the January 8th stop of the defendant was untainted and could help provide probable cause to arrest (see, People v Sciacca, 78 AD2d 545).

The record of the suppression hearing indicates that on January 14, 1985, the arresting officer had sufficient information which provided probable cause to arrest the defendant on January 14th. The People did not waive the attenuation issue, having raised it during their closing comments at the suppression hearing (cf., People v Dodt, 61 NY2d 408, 416).

We have examined the defendant's remaining contention and find it to be without merit. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.