■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GINOSYAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dun-

kin, J.), rendered April 10, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, in part, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which sought to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The People's evidence indicated that on March 30, 1985, the defendant shot the victim twice at close range. Three people witnessed the shooting. The police, relying on a description of a suspicious man leaving the area which had been supplied by two persons who did not witness the shooting, apprehended the defendant a few blocks away and within minutes of the incident. After a combined *Mapp-Wade* hearing, the hearing court determined that the detention of the defendant was not supported by the requisite probable cause. Certain evidence was excluded as the fruit of an illegal detention. However, the hearing court found that a gun and a homemade leather loop, which appeared to be a gun holster, were not subject to exclusion. The gun was recovered from a dumpster approximately one block from the scene of the shooting. The loop holster was discovered pursuant to a search of the defendant's person at the police station.

The defendant contends that the gun and the loop holster were fruits of the illegal detention and should have been suppressed. However, inasmuch as the gun constituted abandoned property *(see generally, People v Boodle,* 47 NY2d 398, *cert denied* 444 US 969; *People v Medina,* 107 AD2d 302) and was recovered from a garbage dumpster in which the defendant had no legitimate expectation of privacy *(see generally, California v Greenwood,* 486 US 35; *People v Rodriguez,* 69 NY2d 159), his contention regarding suppression of the weapon must fail. Conversely, the loop holster which was discovered during the search of the defendant's person was a product of the illegal detention and should have been suppressed. However, we conclude from a review of the record that the admission of the loop holster in evidence was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230). The evidence adduced at trial, including the testimony of other witnesses who observed him arguing with the victim prior to the crime or leaving the scene afterward, provided overwhelming direct and circumstantial proof of the defendant's guilt.

We have considered those alleged summation errors which have been preserved for appellate review and find them to be

either without merit or harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Outler,* 118 AD2d 819; *People v Mitchell,* 114 AD2d 978).

We find that the sentence imposed on the defendant was not excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.