■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD FRANK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered January 5, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court did not erroneously deny his motion to suppress the cocaine recovered by the two arresting officers. The defendant's car was lawfully stopped after the officers observed it pass through an intersection without obeying the stop sign controlling traffic (Vehicle and Traffic Law § 1172 [a]; *see, People v Barnes,* 144 AD2d 371; *People v Dennis,* 144 AD2d 381; *People v Veryzer,* 139 AD2d 609). During the brief roadside detention that followed *(see, People v Mathis,* 136 AD2d 746), the officers requested the defendant's license and registration, and inquired about the contents of a small handbag into which they had seen the defendant place a rolled up wad of paper. In response to this inquiry the defendant suddenly fled into nearby Prospect Park, leaving his idling automobile behind. During the brief pursuit that followed, the defendant threw away the ball of paper, which was found to contain two plastic bags containing a total of nearly three ounces of cocaine. Clearly, the defendant's sudden flight, leaving his automobile behind prior to being issued a traffic summons, justified the officers' pursuit *(see, People v Leung,* 68 NY2d 734). The cocaine recovered was properly ruled admissible as abandoned property *(see, People v Ginosyan,* 148 AD2d 630).

Furthermore, we find that the defendant was properly tried in absentia. After being present at the suppression hearing, the defendant thereafter appeared in court for trial. After the trial court sent for a jury panel, which was waiting outside the courtroom, the defendant excused himself to purchase a cup of tea and never returned to the courtroom. Although the defendant had not yet been apprised of his so-called *Parker* warnings *(see, People v Parker,* 57 NY2d 136), his voluntary flight and absence from his trial constituted a forfeiture of his right to be present at his trial *(see, People v Sanchez,* 65 NY2d 436; *People v Glendy,* 152 AD2d 597; *People v Carbonaro,* 151 AD2d 593). Thus, the trial court correctly determined that the trial should proceed despite the defendant's absence.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.