■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HERBERT MORA and MARCOS ZAMBRANO, Respondents. [691 NYS2d 531] —Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated March 11, 1998, which granted that branch of the defendant Herbert Mora's omnibus motion which was to suppress physical evidence and that branch of the defendant Marcos Zambrano's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law, that branch of the defendant Herbert Mora's omnibus motion which was to suppress physical evidence and that branch of the defendant

Marcos Zambrano's omnibus motion which was to suppress statements made by him to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The hearing evidence showed that detectives riding in an unmarked car followed the defendants' car to a gas station. They then observed the defendant Herbert Mora remove a heavy plastic bag from the car trunk, carry it past two trash cans to a nearby construction site, drop it into a garbage dumpster, and walk back to meet the defendant Marcos Zambrano. The detectives retrieved the bag, found it to contain two loaded weapons and cocaine, and thereupon arrested the defendants.

The Supreme Court should have denied that branch of Mora's motion which was to suppress the physical evidence on the ground of lack of standing. Mora had no legitimate expectation of privacy in the dumpster in which he abandoned the property (*see, People v Ramirez-Portoreal,* 88 NY2d 99; *People v Silas,* 220 AD2d 467; *People v Ginosyan,* 148 AD2d 630). Contrary to Mora's contention, he discarded the property not as a spontaneous response to unlawful police activity, but after having "had time enough to reflect and formulate a strategy for ridding himself of the incriminating evidence" (*People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *see, People v Ramirez-Portoreal, supra*). Contrary to the hearing court's determination, the detectives had probable cause to arrest the defendants upon finding the contraband, and accordingly, the statements by Zambrano given thereafter are admissible at trial.

In light of our determination, we do not reach the People's remaining contentions. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.