104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mark Anthony TURNER, Plaintiff-Appellant,
v.
George SILVER, City Judge, Ogdensburg, New York, Wayne T.
Barkley, Supt., Riverview C.F., Dawson Brown,
Maint. Supt., Riverview C.F., Sgt. V.
Davis, Riverview, C.F.,
Defendants-Appellees.
 No. 96-2315.
 United States Court of Appeals, Second Circuit.
 Nov. 12, 1996.
 
 APPEARING FOR APPELLANT: Mark Anthony Turner, Pro Se.
 APPEARING FOR APPELLEES: Jeffrey M. Dvorin, Department of Law, State of New York, Albany, New York.
 N.D.N.Y.
 AFFIRMED.
 Before MESKILL, CALABRESI and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the district court is AFFIRMED.
 
 
 3
 Mark Anthony Turner, pro se, appeals from a judgment of the United States District Court for the Northern District of New York, granting summary judgment for defendants and consolidating and dismissing Turner's civil rights complaint. Turner's claims arise initially from a misbehavior report prepared on July 2, 1993, by defendant Sergeant V. Davis, an official at the Riverview Correction Facility, charging Turner with bribery and/or extortion for allegedly receiving cash, cigarettes, and commissary products in exchange for providing legal assistance to other inmates while serving as a law clerk in the correctional facility's law library. Defendant Dawson Brown, the Maintenance Superintendent at the Riverview Correction Facility, presided over a disciplinary hearing on July 9, 1993, considering the charges. At the conclusion of the hearing, Brown found Turner guilty of both "bribery/extortion" and "unauthorized legal assistance," ordered Turner confined to the Special Housing Unit for six months, and recommended that Turner lose six months of good time.
 
 
 4
 In August 1993, Turner appeared before the parole board and was denied parole because of the outcome of the disciplinary hearing and the confinement and loss of good time that resulted. On September 13, 1993, the results of the disciplinary hearing were reversed on appeal on the ground that the misbehavior report failed to provide sufficient information to support the charges. Soon afterwards, Turner was released on parole.
 
 
 5
 Turner filed a complaint in the district court pursuant to 42 U.S.C. § 1983, alleging violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment. He claimed that Davis was racially motivated when he prepared the misbehavior report, and that Brown wrongly found him guilty and punished him on the basis of insufficient evidence. Turner maintains that, as a result, he was confined to the Special Housing Unit, lost good time, and was initially denied parole. In an earlier complaint filed in a New York State court, Turner had raised criminal charges of official misconduct against Davis and Brown pursuant to N.Y. Penal Law § 195.00, and he also named the judge in that case, Judge George Silver, as a defendant in his federal action, alleging that Judge Silver had improperly dismissed his complaint. Finally, while Turner named Wayne T. Barkley, Superintendent of the Riverview Correction Facility, in his federal complaint, he made no specific allegations against him.
 
 
 6
 The defendants moved for summary judgment. United States Magistrate Judge DiBianco issued a Report and Recommendation on January 12, 1996, recommending that the defendants' motion be granted because: (1) Turner's allegation that Davis filed a false misbehavior report failed to state a due process claim; (2) Turner's racial discrimination claim was conclusory and without basis in the record; (3) there was sufficient evidence to support Brown's findings; (4) Barkley was not personally involved in the alleged constitutional violations; and (5) Judge Silver was absolutely immune from liability. The report concluded with a warning that appellate review would be precluded if objections to the report were not filed within ten days. Turner did not file any objections. The defendants did object, contending that, contrary to the magistrate judge's report, the district judge should have specifically held that Sandin v. Conner, 115 S.Ct. 2293 (1995), was the basis of the court's dismissal of Turner's due process claims.
 
 
 7
 The district court adopted the magistrate judge's report and recommendation for the reasons stated in the report to the extent that the parties had not objected to it. The district court also adopted the defendant's Sandin argument, granting summary judgment for defendants Brown and Davis on the ground that the plaintiff had no liberty interest in avoiding the punishment given at the disciplinary hearing.
 
 
 8
 On appeal, Turner maintains that there was insufficient evidence to support the disciplinary hearing determination and that, even under Sandin, he had a liberty interest in avoiding the punishment imposed. Although he does not mention him by name, he also appears to challenge the magistrate judge's determination that Superintendent Barkley had insufficient personal involvement in the matter to be liable for the alleged constitutional violations. Particularly in light of the fact that the district court did not have before it objections from the plaintiff regarding the magistrate judge's report, we confine our review to the claims that the plaintiff has raised on appeal. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir.1995); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038 (1992).
 
 
 9
 Normally, in reviewing a district court's grant of summary judgment, "[w]e examine the record de novo, and we are required to view the evidence in the light most favorable to the party opposing summary judgment." Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir.1995). In this case, however, because the plaintiff failed to object to the magistrate judge's opinion within ten days as required to preserve the right to appeal to this Court, we should reverse the district court's decision only if the "interests of justice" so require. Frank, 968 F.2d at 300 (internal quotation marks and citation omitted). Under either standard, we find no error in the grant of summary judgment for the defendants in the instant case.
 
 
 10
 We agree with the magistrate judge that the plaintiff's claim against Davis regarding the false misbehavior report fails to state a due process claim. See Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). As for defendant Brown, to support a due process claim with respect to his prison disciplinary determination, Turner must show that he was deprived of a protected liberty interest and that the deprivation occurred without due process of law. See Bedoya v. Coughlin, 91 F.3d 349, 351-52 (2d Cir.1996). In a prison disciplinary hearing, however, "the requirements of due process are satisfied if some evidence supports the decision." Superintendent v. Hill, 472 U.S. 445, 455 (1985). At the hearing in this case, documentary evidence showing that Turner received cash and cigarettes from other inmates was presented, Davis testified concerning an interview with an informant who implicated Turner, another prison official testified that she had information that an unnamed law clerk was charging for legal services, and an inmate testified that he was being charged for legal services by someone in the law library. On this record, there was clearly more than "some evidence" supporting Brown's decision. We therefore need not consider whether Turner showed that he was deprived of a liberty interest. Accordingly, we affirm the district court's grant of summary judgment as to the due process claim against Brown.
 
 
 11
 Turning finally to the plaintiff's claim against Supervisor Barley, § 1983 requires a plaintiff to establish that a defendant had some personal involvement in the allegedly unlawful conduct. See Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir.1989). Since Turner has not made any specific allegations about Barkley's involvement, we affirm the district court's grant of summary judgment as to the claim against Barkley.
 
 
 12
 For the above reasons, we affirm the district court's grant of summary judgment.