Floyd **FRANK**, Petitioner–Appellant,

v.

Sally B. **JOHNSON**, Respondent–Appellee.

No. 1331, Docket 91–2332.

United States Court of Appeals, Second Circuit.

Argued April 28, 1992.

Decided July 10, 1992.

Jonathan C. Scott, Northport, N.Y., for petitioner-appellant.

Jonathan Frank, Asst. Dist. Atty., Brooklyn, N.Y. (Charles J. Hynes, Dist. Atty., Jay M. Cohen, Asst. Dist. Atty., on the brief), for respondent-appellee.

Before; MESKILL, Chief Judge, TIMBERS and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Litigants wishing to object to the recommendations of a magistrate judge, submitted in a report to a district judge, have ten days after being served with the report. 28 U.S.C. § 636(b)(1) (1988). Failure to object within the allotted ten days results in a waiver of further judicial review. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *McCarthy v. Manson*, 714 F.2d 234, 237 & n. 2 (2d Cir.1983). In *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989) (per curiam), this Court held that the waiver rule would be invoked against *pro se* litigants only if a magistrate judge's report (a) informs the *pro se* litigant that the failure to object to the report within ten days will result in the waiver of further judicial review and (b) cites pertinent statutory and civil rules authority. This appeal raises the narrow issue whether a non-material omission from the notice requirements of *Small* may be disregarded by a district court in declining to consider a late objection to a magistrate judge's report.

The issue arises on the appeal of Floyd Frank from the June 19, 1991, judgment of the District Court for the Eastern District of New York (Reena Raggi, Judge), denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1988). Because we hold that a non-material omission from the notice required in the magistrate judge's report does not relieve the *pro se* litigant of the obligation to file timely objections to the report in order to preserve further judicial review, we affirm.

### Facts

Following a jury trial *in absentia*, Frank was convicted of Criminal Possession of a Controlled Substance in the Second Degree, in violation of N.Y.Penal Law § 220.18[1] (McKinney 1989). After exhausting his available state remedies, *see People v. Frank*, 161 A.D.2d 794, 556 N.Y.S.2d 368 (2d Dep't), *appeal denied mem., People v. Frank*, 76 N.Y.2d 939, 563 N.Y.S.2d 69, 564 N.E.2d 679 (1990), Frank filed a *pro se* habeas petition. Judge Raggi referred the matter to Magistrate Judge Allyne Ross.

The Magistrate Judge issued a report and recommendation dated May 9, 1991, recommending that the petition be denied in its entirety. The report also contained the following explicit warning concerning the need for a timely objection:

> Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days of the receipt of this report. Failure to file objections within the specified time waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.Pro. 6(a), 6(e); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989).

The petitioner, still acting *pro se*, failed to file an objection within the ten day period, and the record does not reveal any subsequently filed objections. Because no objection was filed in a timely manner, the District Judge denied the petition substantially for the reasons stated by the Magistrate Judge. A certificate of probable cause was denied by the District Court also for failure to object to the magistrate judge's report, but this Court subsequently granted the certificate.

**300**

Discussion

A party must serve and file any objections to a magistrate judge's proposed findings and recommendations within ten days after being served with the report. 28 U.S.C. § 636(b)(1) (1988). We have adopted the rule that failure to object timely to a report waives any further judicial review of the report. *See Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d at 237 & n. 2. The objection is considered waived, however, only if the party had received "clear notice" of the consequences of the failure to object. *See Thomas v. Arn*, 474 U.S. at 155, 106 S.Ct. at 475. To alleviate the unreasonable burden placed on a *pro se* litigant by a waiver rule found only in case law, this Court requires the magistrate's report to warn the *pro se* litigant of the consequences of the failure to object. Specifically, the report must state that the "failure to object to the report within ten (10) days will preclude appellate review" and must "specifically cite[ ] 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." *Small v. Secretary of Health and Human Services*, 892 F.2d at 16 (2d Cir.1989); *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991) (collecting cases adopting special notice requirement for *pro se* litigants).

Though Magistrate Judge Ross's report failed to cite Fed.R.Civ.P. 72 as required by *Small*, we find that the report complied with its requirements in all material respects. The failure to cite Rule 72 was not a material omission due to the clear notice otherwise provided in the report. Rule 72(b) reiterates the statutory requirement of 28 U.S.C. § 636(b)(1), and provides that a party must file and serve any objection to a magistrate judge's recommended disposition of a prisoner petition within ten days of being served with a copy of the report. Although Magistrate Judge Ross's report omitted reference to the rule, it explicitly warned that any objections must be filed within ten days and that "[f]ailure to file objections within the specified time waives the right to appeal the

district court's order." The report then cited section 636(b)(1) and this Court's decision in *Small*, thereby providing both statutory authority for the ten day filing period as well as case law authority for the waiver rule. Under these circumstances, a citation to Rule 72 would not provide the *pro se* litigant with any information not already set forth in the express language of the Magistrate Judge's report.

The petitioner failed to object to the Magistrate Judge's report after receiving adequate notice of the consequences of a failure to object in a timely manner. We have examined the merits sufficiently to satisfy ourselves that petitioner's challenge to the state court trial *in absentia*, under the circumstances presented, does not warrant "excus[ing] the default in the interests of justice." *See Thomas v. Arn*, 474 U.S. at 155, 106 S.Ct. at 475 (footnote omitted).

The judgment of the District Court is affirmed.