101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Evaristo ROSARIO, Plaintiff-Appellant,
v.
J.W. TIPPY, Defendant-Appellee.
 No. 95-2703.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 APPEARING FOR APPELLANT: Evaristo Rosario, pro se, White Deer, PA.
 APPEARING FOR APPELLEE: Barbara D. Cottrell, Assistant United States Attorney for the Northern District of New York, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 Present MINER, WALKER, Jr., and LEVAL, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant Evaristo Rosario, pro se and incarcerated, appeals from a judgment entered in the United States District Court for the Northern District of New York (Cholakis, J.), adopting the Report-Recommendation of the magistrate judge, and dismissing his complaint for failure to prosecute.
 
 
 1
 Rosario commenced this action in the district court, claiming violations of his First, Fourth, Fifth, and Eighth Amendment rights. The complaint listed as defendants Warden J.W. Tippy of Ray Brook Federal Correctional Institution ("Ray Brook"), Ray Brook Medical Director Don Tennant, and Lieutenant Weiss. Rosario claimed that, in May of 1990, he had been involved in an altercation in which other prisoners threw him from a second-floor tier, causing injuries to his neck, spine, and legs. Rosario alleged that he continued to suffer pain after his release from a hospital in June of 1991. According to Rosario, prison authorities subsequently denied him treatment and therapy, and required him to work wearing steel-toed boots that caused him great pain and injury. Rosario sought, inter alia, compensatory and punitive damages, costs, attorney's fees, and medical care.
 
 
 2
 This case was referred to a magistrate judge on December 30, 1992. On February 25, 1993, a summons was served on Tippy. On April 29, 1993, Tippy moved to dismiss the complaint or, in the alternative, for summary judgment. More than one year later, on September 12, 1994, in a Report-Recommendation, the magistrate judge recommended that Rosario's complaint be dismissed pursuant to Local Rule 41.2(a) and Fed.R.Civ.P. 41(b) for failure to prosecute, because neither party had contacted the magistrate judge since Tippy's April 29th motion. In his Report-Recommendation, the magistrate judge notified the parties as follows:
 
 
 3
 Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85 (2d Cir.1993); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied, ... 113 S.Ct. 825 (1992); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).
 
 
 4
 On September 26, 1994, the magistrate judge received a copy of a letter from Rosario to Assistant United States Attorney Joshua W. Nesbitt, requesting that the time period for filing objections to the Report-Recommendation be extended to October 2, 1994, and that counsel be appointed for him. Rosario claimed that his mail had been delayed following his transfer to a different correctional facility. The magistrate judge extended the filing time to October 2nd. On November 29, 1994, the magistrate judge further extended the time to file objections to his Report-Recommendation to December 15, 1994. On December 28, 1994, the magistrate judge denied Rosario's motion for appointment of counsel.
 
 
 5
 On October 4, 1995, the district court adopted the Report-Recommendation of the magistrate judge, and dismissed Rosario's action. The district court noted that neither party had filed objections to the Report-Recommendation. Judgment was entered on October 5, 1995. This appeal followed.
 
 
 6
 In this Circuit, the "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir.1989). In the case of pro se litigants,
 
 
 7
 their failure to object to a magistrate's report and recommendation [will] operate as a waiver of appellate review only if the document "explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure."
 
 
 8
 Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993) (quoting Small, 892 F.2d at 16). However, violations of this waiver rule may be excused "in the interests of justice." Id.
 
 
 9
 In the present case, the magistrate judge's Report-Recommendation explicitly stated that failure to object within ten days would preclude appellate review, and it cited the appropriate statutes. Accordingly, the Report-Recommendation provided the required notice to Rosario that his failure to object would result in waiver of appellate review of the magistrate judge's decision. We also do not see any basis in the record for excusing Rosario's failure to object "in the interests of justice." See id. The magistrate judge extended the time for Rosario to object on two separate occasions, but he still failed to file objections to the Report-Recommendation.
 
 
 10
 We have considered all of Rosario's remaining contentions, and we find them all to be without merit.