104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carmelo BATISTA, Petitioner-Appellant,
v.
Hans G. WALKER, Superintendent of the Auburn Correctional
Facility, Respondent-Appellee.
 No. 95-2659.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 APPEARING FOR APPELLANT: Alexei Schact, New York, New York
 APPEARING FOR APPELLEE: Darryll A. Buford, Bronx, New York
 S.D.N.Y.
 AFFIRMED.
 Before CARDAMONE and WALKER, Circuit Judges and RESTANI,* Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Sotomayor, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Pursuant to a certificate of probable cause issued by the United States District Court for the Southern District of New York, petitioner-appellant Carmelo Batista appeals from the district court's denial of his petition pro se for a writ of habeas corpus.
 
 
 3
 On June 3, 1987, petitioner was sentenced to an indeterminate term of imprisonment from twenty-two years to life following his conviction, after a jury trial in the Supreme Court of New York, Bronx County, for murder in the second degree.
 
 
 4
 Petitioner has submitted two briefs to this court. On February 20, 1996, his counsel filed a brief ("Counsel's Brief") arguing that petitioner's Fifth Amendment rights were violated because petitioner did not knowingly and intelligently waive his Miranda rights prior to making statements to police that were introduced as evidence at his trial. After the filing of Counsel's Brief, we granted petitioner's request to file a pro se supplemental brief ("Pro Se Brief"). The Pro Se Brief contends that an initial statement made by the petitioner was obtained in violation of his Miranda rights. The Pro Se Brief also argues that his conviction is jurisdictionally defective because an "initial grand jury" refused to indict him and the prosecutor failed to obtain permission to present the case to another grand jury. We hold that the arguments in the Counsel's Brief and the Pro Se Brief are without merit and affirm the decision of the district court in all respects.
 
 
 5
 Petitioner fails to demonstrate a violation of his Miranda rights. Initially, we note that, as Counsel's Brief concedes, petitioner failed to object to that portion of the magistrate's report which discusses his Miranda claims. "We have adopted the rule that failure to object timely to a [magistrate's] report waives any further judicial review of the report," if the magistrate's report informs the pro se litigant of the consequences of the failure to object. Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.1992); see Thomas v. Arn, 474 U.S. 140, 155 (1985). The magistrate's report provided clear notice to the petitioner that a failure to file objections may result in a waiver of objections on appeal and notified petitioner of his opportunity to seek an extension of time for filing objections. Our examination of the merits of petitioner's claims reveals no reason for " 'excus[ing] the default in the interests of justice.' " Frank, 968 F.2d at 300 (quoting Thomas, 474 U.S. at 155 (footnote omitted)).
 
 
 6
 Even if we were to excuse the failure to object, we would reject petitioner's Miranda claims on the merits. On the day of the murder, December 3, 1985, at approximately 10:00 a.m., Batista, accompanied by the wife of the victim, appeared at a police precinct stationhouse to report that Garcia had been kidnapped. At approximately 3:00 p.m., he was transported to the 50th precinct in the Bronx. The victim's body had been found in the Bronx earlier in the day. In his first statement to police at 3:00 p.m., petitioner was not advised of his Miranda rights because he was not considered a suspect. In this statement, he informed the police that he was "forced" at gunpoint to participate in Garcia's murder.
 
 
 7
 Determining if a person is "in custody" for Miranda purposes requires two discrete inquiries. Thompson v. Keohane, 116 S.Ct. 457, 465 (1995). First, "what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." Id. The first inquiry is factual and a statutory presumption of correctness is accorded state court findings under 28 U.S.C. § 2254(d), unless, inter alia, they are not fairly supported by the record. Id. The second inquiry is a matter for independent federal review. Id.
 
 
 8
 Once the circumstances surrounding the interrogation are determined, a "court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Id. (internal quotations omitted). Petitioner was not under arrest at the time of his 3:00 p.m. statement, he was not handcuffed, he was not frisked. Prior to the statement, he sat on a bench in the stationhouse with the victim's wife and friends. The petitioner presented himself to police as a witness to the crime who, without any contact from the police, voluntarily appeared with family members and wanted to provide information about the crime. We conclude that petitioner was not "in custody" at the time of his initial statement at approximately 3:00 p.m. and Miranda warnings were not required.
 
 
 9
 Subsequent to this initial statement, and the discovery of additional evidence, police detectives concluded that Garcia was a suspect and advised him of his Miranda rights. At 6:00 p.m., after the Miranda warning, petitioner responded to questioning about his involvement in the homicide. At 9:00 p.m., petitioner was interviewed by an assistant district attorney, who advised him of his Miranda rights. We agree with the district court that petitioner voluntarily, knowingly and intelligently waived his Fifth Amendment right to remain silent and Sixth Amendment right to have assistance of counsel prior to providing these two statements. There is no evidence of police coercion and the relinquishment of the right was voluntary. No evidence indicates that petitioner suffered from any disability that would prevent him from understanding the Miranda warnings. Indeed, as the magistrate's thorough report concluded, it appears that petitioner was eager to answer questions.
 
 
 10
 In his Pro Se Brief, petitioner argues that his conviction is jurisdictionally defective because an "initial grand jury" refused to indict him and that the prosecutor failed to obtain permission to present the case to another grand jury as required by N.Y.Crim. Proc. Law § 190.75(3). Petitioner did not raise this claim on direct appeal or on a motion to vacate his judgment of conviction. As correctly found below, this claim is procedurally barred because he failed to present the claim to the state courts as a federal constitutional claim.
 
 
 11
 Moreover, he presents no evidence for the claim that the case was presented to two grand juries except for the alleged use of different numbers to identify his case on documents obtained from the Bronx County District Attorney's office and the Bronx County Clerk. The district court concluded that there was no support for petitioner's charges that two grand juries existed or charges were ever "dismissed" by a grand jury. We agree that the petitioner failed to demonstrate a violation of N.Y.Crim. Proc. Law § 190.75(3).
 
 
 12
 We have considered all of petitioner's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation