David **PROCTOR,** Plaintiff,

v.

**VADLAMUDI, Dr.; Marcy Correctional Facility and Counterparts,** Defendants.

No. 96–CV–248 (RSP/DNH).

United States District Court, N.D. New York.

Feb. 2, 1998.

---

David Proctor, Marcy, NY, pro se.

Dennis C. Vacco, New York State Attorney General, Albany, NY (James B. McGowan, Assistant Attorney General, of counsel), for Defendants.

## ORDER

POOLER, District Judge.

The above matter comes to me following a report-recommendation by Magistrate Judge David N. Hurd, duly filed on the 31st day of October, 1997. Dkt. No. 12. Following ten days from the service thereof, the clerk has sent me the entire file, including any and all objections. Plaintiff David Proctor filed no objections.

In his report-recommendation, the magistrate judge recommended that I grant defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Proctor's complaint be- cause plaintiff failed to state a claim against defendant Dr. Vadlamudi and because the defendant correctional facility is entitled to sovereign immunity. Taking all allegations in plaintiff's complaint as true and drawing all inferences in favor of plaintiff, Proctor nonetheless failed to state a Constitutional violation with respect to defendants' treatment of his injured thumb. Therefore, after reviewing the entire file in this matter, it is

ORDERED that the report-recommendation is approved, and

ORDERED that defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) is granted and plaintiff's complaint is dismissed, and it is further

ORDERED that the clerk serve a copy of this order upon plaintiff by regular mail.

IT IS SO ORDERED.

## *REPORT–RECOMMENDATION*

HURD, United States Magistrate Judge.

This matter was referred to the undersigned for report and recommendation by the Honorable Rosemary S. Pooler, District Judge, pursuant to the Local Rules of the Northern District of New York. Plaintiff filed his complaint on February 12, 1996, alleging violation of his constitutional right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff responded in opposition.

## I. *FACTS*

Following are the facts as gleaned from plaintiff's complaint. Plaintiff was and is incarcerated at Marcy Correctional Facility. In late November 1995, plaintiff injured his right thumb by accidentally dropping a weight of approximately thirty pounds onto the thumb. Plaintiff was seen at the prison medical clinic and defendant Dr. Vadlamudi ordered an x-ray of the thumb. The x-ray revealed that no bones had been broken. The thumb was treated by wrapping it in gauze and securing it with a stick. Plaintiff continued to be bothered by pain, and there-

fore returned to sick call. Plaintiff saw Dr. Vadlamudi on December 13, 1995. At that time, the thumb was painful, swollen, and draining pus. Dr. Vadlamudi prescribed an oral antibiotic and topical bactericidals. Plaintiff was seen several additional times because the pain in his thumb continued. The thumb nail eventually fell off a few days prior to an appointment with Dr. Vadlamudi on January 19, 1996. Plaintiff filed the instant complaint seeking $8 million in damages on February 12, 1996. At no time did he pursue the prison administrative grievance process.

## II. DISCUSSION

### A. *Motion to Dismiss Standard*

A cause of action shall not be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the court must assume that all of the allegations in the complaint are true. *Id.* In reviewing the sufficiency of a complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir.1982); *see also Egelston v. State Univ. College,* 535 F.2d 752, 754 (2d Cir. 1976). "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." *Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991) (citations omitted), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

### B. *Exhaustion of Administrative Remedies*

Defendants first seek dismissal of plaintiff's complaint because plaintiff failed to plead exhaustion of administrative remedies, and in fact, did not pursue such remedies. Plaintiff's complaint reflects that plaintiff did not pursue the prisoner grievance procedure. (Compl.¶ IV.)

■ The Civil Rights of Institutionalized Persons Act, as amended ("CRIPA"), precludes the bringing of a civil rights action with respect to prison conditions unless and until administrative remedies are exhausted. 42 U.S.C.A. § 1997e(a) (1997 Supp.). However, the CRIPA was not signed into law until April 26, 1996. Plaintiff's complaint was filed in February 1996, some two months prior. While defendant does not address the retroactivity of the absolute requirement for exhaustion of administrative remedies, it is clear that this requirement cannot be applied retroactively because to do so would "impair rights [plaintiff] possessed when he acted, increase [his] liability for past conduct or impose new duties with respect to transactions already completed." *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Accordingly, plaintiff's complaint should not be dismissed on the basis that he failed to plead exhaustion of administrative remedies, and in fact failed to exhaust such remedies.

### C. *Defendant Marcy Correctional Facility and its Counterparts ("MCF")*

■ Defendant MCF argues that it enjoys sovereign immunity from suit under the Eleventh Amendment to the United States Constitution. Agencies of the state, as well as the state itself, are immune from suits brought pursuant to 42 U.S.C. § 1983. *Daisernia v. State of New York,* 582 F.Supp. 792, 796 (N.D.N.Y.1984); *Evans v. Headley,* 566 F.Supp. 1133, 1140 (S.D.N.Y.1983)(dismissing suit against New York State Department of Correctional Services on sovereign immunity grounds).

MCF is clearly an agency of the state, and as such, is entitled to sovereign immunity.

Therefore, the complaint as against MCF should be dismissed.

### D.  *Eighth Amendment Claim*

A prisoner's § 1983 claim regarding prison conditions should be dismissed *sua sponte* if the court is satisfied that the action fails to state a claim upon which relief can be granted.  42 U.S.C.A. § 1997e(c)(1) (1997 Supp.).  Accordingly, in the interest of efficiency, plaintiff's complaint against Dr. Vadlamudi is reviewed to determine whether it states a claim, despite defendant's failure to address this issue in his brief.

■ In order to state a claim under the Eighth Amendment regarding medical treatment, plaintiff must allege that the defendant was deliberately indifferent to a serious medical need.  *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994)(citing *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995).  Plaintiff's medical need must have been objectively serious, that is, an urgent condition which may produce death, degeneration, or extreme pain.  *Id.* Further, the defendant must know of and disregard an excessive risk to inmate health or safety.  *Id.* An allegation of mere negligence or medical malpractice does not rise to the level of an Eighth Amendment violation.  *Estelle,* 429 U.S. at 105.

■ Assuming the allegations of the complaint are true, as must be done, plaintiff suffered from extreme pain.  However, it is apparent from the face of the complaint that Dr. Vadlamudi treated plaintiff several times, ordered an x-ray to determine if the thumb was broken, and prescribed antibiotics when infection became apparent.  Several phrases from the complaint demonstrate the gravamen of plaintiff's cause of action: "if the Doctor had more carefully examined me," (Compl. at 2A), "All I ever wanted was for them to drain my thumb," *id.,* "His conduct was highly unreasonable and he made a gross departure from ordinary care," *id.,* "I have suffered long because of his negligence," *id.* at 2B.  Clearly the complaint sounds in medical malpractice/negligence.  Plaintiff disagrees with the way he was treated by Dr. Vadlamudi, and feels that with

different treatment he would have suffered less pain.  Such disagreement with the method of treatment, however, does not rise to the level of a constitutional violation.  *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir.1988)(the Constitution ... does not guarantee to a prisoner the treatment of his choice).  Therefore, plaintiff's complaint should be dismissed for failure to state a claim.  *See* 42 U.S.C. § 1997e(c)(1).

### E.  *Alternative Relief—Declaration of Rights*

Defendants seek a declaration of their procedural rights should the complaint not be otherwise dismissed.  CRIPA provides that any defendant may waive the right to reply, and that such a waiver does not constitute an admission of the allegations of the complaint.  42 U.S.C.A. § 1997e(g) (1997 Supp.).  No relief can be granted to a plaintiff absent a reply, and a defendant may be required to reply should it be found that plaintiff "has a reasonable opportunity to prevail on the merits." *Id.* In this case, the defendants did not answer the complaint.  Rather, they filed the instant motion to dismiss.  Should the court disapprove this report and recommendation, it is recommended that the remaining defendant(s) be ordered to reply to the complaint within thirty (30) days.  *See id.*

### III.  *CONCLUSION*

The complaint should not be dismissed for failure to exhaust administrative remedies, because such exhaustion was not required at the time the complaint was filed.  The complaint as against defendant "Marcy Correctional Facility and its Counterparts" should be dismissed on the basis of sovereign immunity.  The complaint as against the defendant Dr. Vadlamudi should be dismissed for failure to state a claim upon which relief may be granted.  In the alternative, it should be declared that defendants have heretofore waived the right to reply to the complaint, and remaining defendants to the action should answer the complaint within thirty (30) days.

Accordingly, it is

RECOMMENDED that

1. The complaint be DISMISSED in its entirety; and

2. In the alternative, any remaining defendants in the action be required to answer the complaint within thirty (30) days.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992). Such objections shall be filed with the Clerk of the Court with a copy to be mailed to the chambers of the undersigned at 10 Broad Street, Utica, New York 13501. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989); and it is

ORDERED, that the Clerk of the Court serve a copy of this Report–Recommendation, by regular mail, upon the parties to this action.