**Sajida BANO, Sunil Kumar, Dr. Stanley Norton, Dr. Asad Khan, Shiv Narayan Maithil, Devendra Kumar Yadav, and Bhopal Gas Peedit Mahila Udyog Sangathan, on behalf of themselves and all others similarly situated, Plaintiffs,**

**Haseena Bi, Plaintiff–Appellant,**

**Qamar Sultan, Ohmwati Bai, Madan Singh Adba Bee, Baldar Hussain, Noor Mohammed, Syed Rahman, Phul Singh, Zameen Miyan, Bano Bee, Meenu Rawat, Mantu Chaursia and Maksood Ahmed and Ram Char Prajapati, Movant–Appellants,**

v.

**UNION CARBIDE CORPORATION and Warren Anderson, Defendants–Appellees.**

No. 05–6082.

United States Court of Appeals, Second Circuit.

Aug. 8, 2006.

Richard S. Lewis (Matthew K. Handley, Reena Gambhir, on the brief), Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C.; (Curtis V. Trinko, Law Offices of Curtis V. Trinko, LLP, New York, NY, on the brief), for Plaintiff–Appellant and Movants–Appellants.

Willaim A. Krohley, (William C. Heck on the brief), Kelley Drye & Warren, LLP, New York, NY, for appellees.

PRESENT: Hon. DENNIS JACOBS and Hon. ROSEMARY S. POOLER, Circuit Judges, Hon. EDWARD R. KORMAN *, District Chief Judge.

### SUMMARY ORDER

Plaintiff Haseena Bi and fourteen would-be intervenors appeal from the October 5, 2005 order and decision of the United States District Court for the Southern District of New York (Keenan, J.), denying the motions for class certification and for intervention of additional class representatives, and dismissing Bi's action in its entirety. *Bano v. Union Carbide Corp.*, No.

99 Civ. 11329, 2005 WL 2464589, 2005 U.S. Dist. LEXIS 22871 (S.D.N.Y. Oct. 5, 2005). Bi's action arises from property damages allegedly suffered by Bi and persons similarly situated as a result of exposure to water contaminated by chemicals released from a chemical plant site operated in Bhopal in 1969–1984 by a subsidiary of defendant Union Carbide Corp. ("Union Carbide"). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

1. Dismissal of Bi's claims for property damages was proper. That defendants did not specifically move for dismissal is not a ground for reversal. See *Wachtler v. County of Herkimer,* 35 F.3d 77, 82 (2d Cir.1994). The Amended Complaint does not allege that Bi is an owner or legal tenant on any property contaminated by leakage from the chemical plant site; nor did Bi contest the Magistrate Judge's finding that she is not a property owner despite an opportunity to do so before the Magistrate Judge and before the district court. Although the Magistrate Judge ultimately ruled on a ground that did not depend on that finding, the finding itself was available to the district judge to support a ruling on another or alternative ground, and Bi was obliged to contest it if she wished that it not bind her. In any event, the record reflects that Bi resides illegally on government-owned ground. She therefore cannot sustain claims for trespass or private nuisance under New York law. See *Bano v. Union Carbide,* 361 F.3d 696, 707 (2d Cir.2004) (holding that New York law applies to Bi's action). Bi's claim for public nuisance likewise fails because Bi has not alleged any special injury or damages "beyond that of the general inconvenience to the public at large." See *Leo v. Gen. Elec. Co.,* 145

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

the Eastern District of New York, sitting by designation.

A.D.2d 291, 294, 538 N.Y.S.2d 844 (N.Y.App.Div.1989).

■ 2. The district court did not abuse its discretion in refusing to reinstate Bi's claims for remediation of the chemical plant site and the groundwater beneath it. See *Lemon v. Kurtzman*, 411 U.S. 192, 200, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973) ("In shaping equity decrees, the trial court is vested with broad discretionary power; appellate review is correspondingly narrow."). We have already affirmed dismissal of these claims because of the impracticality of a court-supervised clean-up project on land owned by a foreign sovereign. See *Bano v. Union Carbide Corp.*, 361 F.3d 696, 716–17 (2d Cir.2004). Although "the law of the case doctrine does not deprive an appellate court of discretion to reconsider its own prior rulings, even when the ruling constituted a final decision in a previous appeal, we do not revisit such a final decision absent cogent or compelling reasons[.]" *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 336 (2d Cir. 2004) (internal citation and quotation marks omitted) (quoting *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999)). There is no such reason here. The Consul General of India submitted a letter stating that the Madhya Pradesh State government and the Union of India welcome any relief for remediation of the chemical plant site; but that letter does not obviate any of the sensitive and severe difficulties identified by the district court and by this court regarding the administration of remediation of land owned by a foreign sovereign in its own country.

■ 3. The district court properly denied the motion for class certification because the only relief sought by the class related to the claims for relief that had been dismissed as impracticable. As the district court observed, any clean-up of the aquifer or groundwater would affect the public generally and could not be undertaken without the permission and supervision of the Indian government. See *Bano*, at *3, 2005 U.S. Dist. LEXIS 22871, at *9 ("Even if the aquifer could be cleaned by an offsite pump, this claim does not involve an injunction with regard to property owned by Bi or remediation of individual properties."). Yet, India has indicated (understandably) that it would control such a process; thus the same problems (lack of control and potential conflict with the Indian authorities) are inherent in any attempt to clean-up the aquifer and groundwater as were present in the claims for remediation of the chemical plant site.[1]

■ 4. The intervenors failed to object to the Magistrate Judge's Report and Recommendation. They thus waived their right to judicial review. See *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992). Moreover, even were judicial review available, the intervenors have failed to allege any claims for individual property damage.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

1. In light of our ruling, we do not reach the issue of whether the district court also properly denied the motion for class certification on the ground that Bi is an inadequate class representative.