09-0935-cv
Monroe v. Hyundai of Manhattan & Westchester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of April, two thousand ten.

PRESENT:

> DENNIS JACOBS,
>     Chief Judge,
> AMALYA L. KEARSE,
> GUIDO CALABRESI,
>     Circuit Judges.

_____

Mary Monroe,

        Plaintiff-Appellant,

    v.                                    No. 09-0935-cv

Hyundai of Manhattan & Westchester,
Toyota & Lexus Financial Service,

        Defendants-Appellees.

_____

For Appellant:             Mary M. Monroe, pro se, New York, N.Y.

For Appellees:            Adam M. Levy (Jason W. Creech, on the brief),

Simmons Jannace, LLP,
Syosset, N.Y., for
Defendant-Appellee
Toyota Motor Credit
Corporation s/h/a

Toyota & Lexus Financial Service.

Sandra D. Lovell, Brian J. Carey
McElroy, Deutsch, Mulvaney &
Carpenter, LLP, New York, N.Y.,
for Defendants-Appellees Hyundai
of Manhattan, Inc. s/h/a Hyundai
of Manhattan, and Hyundai of
Westchester, Inc. s/h/a Hyundai of
Westchester.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Mary Monroe appeals pro se from a judgment of the United States District Court for the Southern District of New York (Daniels, J.), entered on November 13, 2008, adopting the Report and Recommendation ("R & R") of the Magistrate Judge (Pitman, M.J.), and granting Defendants-Appellees' motions to dismiss based on, inter alia, a failure to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. We assume the parties' familiarity with the

2

facts, procedural history, and issues on appeal.

Monroe's appeal was waived when she failed to timely object to the R & R of the Magistrate Judge. "In general, failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008) (internal quotation marks omitted), provided that "the party had received clear notice of the consequences of the failure to object," Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.) (internal quotation marks omitted). Monroe received such clear notice in the R & R itself, which contained explicit instructions on where and by what date to file objections, as well as a warning that Monroe's failure to do so would waive any such objections. Monroe failed to file any objections to the R & R. Although we may excuse this waiver "in the interests of justice," Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993), Monroe has not provided any argument that justice requires us to overlook her waiver of these issues below.

Moreover, even were judicial review available, our

3

review of the record confirms that the district court properly granted Defendants' motions to dismiss for failure to state a claim, and we affirm for substantially the same reasons set out in the magistrate judge's thorough and well-reasoned report and recommendation.

We have reviewed Monroe's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk