10-3020-cv
Cooper v. Local 32BJ, SEIU

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand eleven.

PRESENT:
>           RALPH K. WINTER,
>           ROSEMARY S. POOLER,
>           BARRINGTON D. PARKER,
>                   *Circuit Judges*.

_____

Gary Cooper,

>                   *Plaintiff-Appellant*,

>           v.                                             No. 10-3020-cv

Local 32BJ, SEIU, Allied International Union,

>                   *Defendants-Appellees*.

_____

FOR APPELLANT:                          Gary Cooper, *pro se*,
                                        Brooklyn, NY.

FOR DEFENDANT-APPELLEE LOCAL 32BJ, SEIU:    Andrew L. Strom, Office of the
                                        General Counsel for SEIU Local
                                        32BJ, New York, NY.

FOR DEFENDANT-APPELLEE ALLIED
INTERNATIONAL UNION:                    David A. Mintz, Weissman & Mintz
                                        LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Stein, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gary Cooper appeals *pro se* from the district court's judgment dismissing his claims alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411 *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, and denying his motion for leave to amend his complaint. We assume the parties' familiarity with the facts and procedural history of the case.

As an initial matter, this Court has held that a litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules of authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*pro se* party's failure to object to report and recommendation does not waive right to appellate review unless report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1), as well as Rules 72, 6(a), and former Rule 6(e) of the Federal Rules of Civil Procedure).

Here, the magistrate judge gave Cooper adequate notice that he was required to file objections to the report and recommendation, and specifically informed him that failure to object

2

to any portion of the report would preclude his right to appellate review, citing the pertinent statutory and civil rules. Accordingly, Cooper has waived his right to appellate review of the issues discussed in the magistrate judge's report and recommendation. In any event, because Cooper does not challenge the district court's dismissal of his claims under § 104 of the LMRDA as moot, or the dismissal of his construed duty of fair representation claims as untimely, these claims are abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that claims raised below but not raised on appeal are abandoned, even as to *pro se* litigants).

Nevertheless, following a *de novo* review of the record, we conclude that the district court properly adopted the magistrate judge's report and recommendation, and correctly granted the Defendants' motions to dismiss and denied Cooper's motion to amend his complaint. We thus affirm the district court's judgment for substantially the same reasons as set forth in the magistrate judge's well-reasoned and thorough report and recommendation. We have considered Cooper's arguments on appeal, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk