10-2116-pr
Johnson v. Woods

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> RALPH K. WINTER,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

Johnathan Johnson,

> *Plaintiff-Appellant*,

> v.                                                                              10-2116-pr

Robert Woods, Superintendent, Upstate Correctional Facility, *et al.*,

> *Defendants-Appellees*.

_____


FOR APPELLANT:          Johnathan Johnson, *pro se*, Malone, NY.

FOR APPELLEES:          Patrick J. Walsh, Assistant Solicitor General, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J*.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Johnathan Johnson, appearing *pro se*, appeals the district court's grant of summary judgment in favor of appellees and dismissing Johnson's complaint brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*pro se* party's failure to object to report and recommendation does not waive right to appellate review unless report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Here, the magistrate judge gave Johnson adequate notice that he was required to file any objections to the report and recommendation, and specifically informed him that failure to object

to any portion of the report would preclude his right to appellate review, citing the pertinent statutory and civil rules.  Nonspecific objections that merely refer the Court to previously filed papers or arguments are insufficient to preserve appellate review.  *See Mario v. P&C Food Markets*, 313 F.3d 758, 767 (2d Cir. 2002).

In any event, we see no error in the district court's adoption of the magistrate judge's report and recommendation.

We have considered Appellant's other arguments on appeal and have found them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3