*Smith v. Conway*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of November, two thousand fourteen.

PRESENT:
        ROBERT A. KATZMANN,
           *Chief Judge,*
        PIERRE N. LEVAL,
        PETER W. HALL,
           *Circuit Judges.*

_____

Preston A. Smith,
        *Plaintiff-Appellant,*

      v.                           13-3575

James Conway, Superintendent, Paul Chiappius, Jr., Deputy Sup. of Security,

        *Defendants,*

James Whiteford, S. Dolce, Kenneth S. Perlman, R. Killinger,

        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:      Preston A. Smith, pro se, Gowanda, NY

FOR DEFENDANTS-APPELLEES:        Jonathan D. Hitsous, and Denise Ann Hartmann, Assistant Solicitors General, *for* Eric T. Schneiderman, New York State Attorney General, Albany, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*; Foschio, *Mag. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Preston Smith, proceeding pro se, appeals from a district court's grant of summary judgment to the defendants. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

As an initial matter, Smith has waived review of the district court's decision by failing to object to the magistrate judge's report and recommendation after being given clear notice of the consequences. *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997) ("[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."); *Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992) (notice is sufficient if it informs the litigants that the failure to object timely will result in the waiver of further judicial review and cites pertinent authority). While this Court may excuse such a default in the interests of justice, *see Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), the interests of justice do not warrant excusing Smith's failure here because the district court properly found his claim to be meritless.

We review de novo orders granting summary judgment, focusing on whether the district court properly concluded that there existed no genuine dispute as to any material fact and the

moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Smith suggests that he was not given adequate notice of the conversion of the defendants' motion to dismiss into one for summary judgment and that he did not understand the nature and consequences of summary judgment. Failure to advise a pro se litigant on such matters is reversible error unless "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999) (citation omitted). As the magistrate judge noted, Smith filed a motion for summary judgment in response to the defendants' motion to dismiss, making his understanding of the process clear. He also submitted dozens of exhibits with his complaint and with his summary judgment motion, suggesting that notice would not have led him to submit further evidence. *See Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991) (affirming the grant of summary judgment in favor of the nonmoving party sua sponte without notice and an opportunity to respond where "the facts before the district court were fully developed so that the moving party suffered no procedural prejudice"). Under these circumstances, no further notice was required. Moreover, Smith fails to identify any further evidence to this Court that he might have adduced in opposition to summary judgment.

Independent review of the record and relevant case law reveals that the district court did not err by converting the motion to dismiss and granting summary judgment for the defendants.

3

We affirm substantially for the reasons set forth by the magistrate judge in his thorough and well-reasoned report and recommendation, which was adopted in its entirety by the district court.

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk