14-1265
Farzan v. Genesis 10, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand fifteen.

PRESENT:  GERARD E. LYNCH,
                   RAYMOND J. LOHIER JR.,
                   SUSAN L. CARNEY,
                          *Circuit Judges*,
_____

RAYMOND FARZAN,

                   *Plaintiff-Appellant*,

          v.                                                    14-1265

GENESIS 10, WELLS FARGO BANK,
BRENDA ALTENBURG,

                   *Defendants-Appellees*,*
_____

**FOR PLAINTIFF-APPELLANT:**               RAYMOND FARZAN, pro se,
                                                              Middletown, NJ.

**FOR DEFENDANT-APPELLEE GENESIS 10:**     KEVIN RICHARD BRADY,
                                                              Hoey King Epstein Prezioso &
                                                              Marquez, New York, NY.

---

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

FOR DEFENDANTS-APPELLEES
WELLS FARGO BANK AND BRENDA
ALTENBURG:

MICHELLE E. PHILLIPS
(Tarek M. Maheran, *on the brief*),
Jackson Lewis P.C., White Plains,
NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*, Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Raymond Farzan, proceeding pro se, appeals the district court's judgment that, adopting a magistrate judge's recommendation, granted summary judgment for Defendants-Appellees on Farzan's employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a) (the "ADEA"); the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a) (the "NYCHRL"), and his state law defamation claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment. Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine disputes of material fact, we are "required to

2

resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Stern v. Trustees of Columbia Univ., 131 F.3d 305, 312 (2d Cir. 1997). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Farzan has waived appellate review of his claims by failing to timely object to the magistrate judge's report and recommendation despite being clearly notified of the consequences of his failure to do so. "[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). The waiver rule applies to pro se litigants provided that the pro se party is given clear notice of the consequences of failing to object. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992). Notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. Id. However, "because the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003), quoting Thomas v. Arn, 474 U.S. 140, 155 (1985). We decline to do so here because the waived arguments presented on this appeal lack merit.

The district court correctly found that Farzan had failed to establish a prima facie case for his discrimination and retaliation claims under Title VII, the ADEA, the

3

NYSHRL, and the NYCHRL, and also failed to rebut Defendants-Appellees' legitimate, non-discriminatory justifications for his termination. Furthermore, the district court properly ruled that Farzan's state law defamation claim failed because the allegedly defamatory statements were privileged. Accordingly, even were Farzan's appellate arguments not waived, we would affirm for substantially the same reasons stated in the magistrate judge's well-reasoned and thorough report and recommendation, adopted in its entirety by the district court.

Farzan's additional arguments presented on appeal similarly lack merit. Farzan contends that the district court erred in not considering Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), on which he relies for the proposition that he was an employee of Wells Fargo under a multi-factor test used to distinguish employees from independent contractors, and was thus entitled to a permanent position at Wells Fargo despite an internal policy that limited contingent workers, like Farzan, to eighteen-month terms. Farzan's argument fails. The magistrate judge determined in the report and recommendation, subsequently adopted by the district court, that Farzan was a Wells Fargo employee with respect to his anti-discrimination claims. While workers may be classified as "employees" for the purposes of anti-discrimination or other employment laws, this classification has no bearing on how a company may internally characterize and employ workers. In the context of Farzan's claims, his "employee" status is relevant only to the extent that it determines whether Wells Fargo could be held liable if Farzan succeeded with any of his claims. His status as a Wells Fargo "employee" for the

4

purposes of employment and anti-discrimination laws does not entitle him to any position at Wells Fargo, let alone a permanent one.

Farzan acknowledged that his disagreement with the eighteen-month policy was the basis for his termination, but argues that the application of this policy to him was "pretextual" because it was put into place after he was hired. As the district court correctly concluded, however, Farzan failed to submit any evidence that the policy was adopted, or applied to him, because of his race, national origin, religion, gender, or age.

We have considered all of Farzan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk