22-1571-pr
Stevens v. Duquette

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Sterling Stevens,

　　　　　　*Plaintiff-Appellant*,　　　　　　　　22-1571

　　　　v.

Sergeant Duquette, Facility Claim Review Investigator, M. Miller, Package Room Officer,

　　　　　　*Defendants-Appellees*,

Earl Bell, Superintendent; Clinton Correctional Facility, C. Delutis, Captain; Tier II Appeal Review Officer, Rocky Kramer, Lt.; Tier II Hearing Officer,

　　　　　　*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:** Sterling Stevens, pro se, Coxsackie, NY.

**FOR DEFENDANTS-APPELLEES:** Letitia James, Attorney General of the State of New York, (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Frederick A. Brodie, Assistant Solicitor General, *on the brief*), Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*; Andrew T. Baxter, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pro se appellant Sterling Stevens, a person who is incarcerated by the state, brought suit under 42 U.S.C. § 1983 against several employees of the Clinton Correctional Facility, including corrections officers Megan Miller and Sergeant David Duquette, alleging they retaliated against him for opposing Miller's order and for filing grievances. A magistrate judge recommended granting summary judgment to the defendants, reasoning that Mr. Stevens had exhausted his administrative remedies but had not established that there was a causal connection between his protected speech and the adverse actions he suffered. *See generally Stevens v. Duquette*, No. 9:20-CV-853, 2022 WL 2292975 (N.D.N.Y. Apr. 19, 2022). Although Mr. Stevens timely objected, his objections were limited. After reviewing the objections and the remainder of the report and recommendation for clear error, the district court adopted the recommendation and granted summary judgment in favor of the defendants. *See generally Stevens v. Duquette*, No. 9:20-CV-853, 2022 WL 2292047 (N.D.N.Y. June 24, 2022). We assume the parties' familiarity

2

with the remaining facts, procedural history, and issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Waiver

The defendants argue that Mr. Stevens waived his arguments concerning the conclusions of the report and recommendation because he failed to raise them as objections. They are largely correct.

"As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003). This rule applies to pro se litigants so long as they are warned about the consequences of failing to object, and the warning is supported by citations to the relevant rules and authorities. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992). Here, the magistrate judge included an adequate warning in his report and recommendation; Mr. Stevens was advised that he was required to file written objections within 14 days with the Clerk of the Court, that a failure to object would preclude appellate review, and that this objection requirement derived from *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989), as well as 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, 6(a), and 6(e). *See Stevens*, 2022 WL 2292975, at *10; *see also Frank*, 968 F.2d at 300 (listing notice requirements).

3

Despite the warning, Mr. Stevens did not object to the majority of the report and recommendation. His objections focused on exhaustion issues, even though the magistrate judge had accepted Mr. Stevens's argument that he properly exhausted his claims. Accordingly, we conclude that Mr. Stevens has forfeited most of his claims.

Mr. Stevens did, however, object to the magistrate judge's determination that it was not protected speech to request "Sergeant's Review" of Officer Miller's decision to withhold some items from a package Mr. Stevens received.[1] The district court seems to have overlooked this objection, stating that Mr. Stevens had "not objected to Magistrate Judge Baxter's analysis of his First Amendment claims." *Stevens*, 2022 WL 2292047, at *1.

Nevertheless, forgoing a merits review of Mr. Stevens's arguments will not result in manifest injustice. *See Caidor v. Onondaga County*, 517 F.3d 601, 603 (2d Cir. 2008). Upon review of the record, the district court properly granted summary judgment to the defendants with respect to the First Amendment retaliation claims because the evidence did not establish that either Miller's or Duquette's actions were causally connected to Mr. Stevens's protected speech. *See Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019) (to establish a First Amendment retaliation claim under § 1983, a plaintiff must show that "that there was a causal connection between the protected speech and the adverse action" (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (internal quotation marks omitted)). Although Mr. Stevens's request for Sergeant's Review may have been protected speech,[2] the evidence showed that Officer Miller

---

[1] Sergeant's Review is a procedural mechanism, established by DOCCS Directive 4911, under which a supervisor will review a package room officer's decision not to issue an item to an incarcerated person. Packages & Articles Brought or Sent to Facilities, Dir. #4911 § III(B)(8), State of New York Dep't of Corr. & Cmty. Supervision [https://perma.cc/74ZH-HWRZ].

[2] An incarcerated person retains those First Amendment rights that "'are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Rodriguez v. Phillips*, 66 F.3d

4

filed a misbehavior report because Mr. Stevens disobeyed a direct order to return to his cell, not because of his request for Sergeant's Review.

**II.     Wrongful Confinement**

Mr. Stevens asserts that the district court failed to consider his claim for wrongful confinement against Miller and Duquette.   However, pursuant to its screening capacity under the Prison Litigation Reform Act, the district court dismissed the various wrongful confinement claims Mr. Stevens asserted.   The district court specifically concluded that Mr. Stevens had failed to state an Eighth Amendment claim against Miller and Duquette because falsifying a disciplinary report, without more, is not an Eighth Amendment violation and Mr. Stevens had not alleged any facts showing that either defendant was responsible for the disciplinary keeplock.

Even construing Mr. Stevens's brief to be a challenge to this ruling, the challenge is meritless.   Such a claim would have failed on summary judgment because it was premised on the retaliation claims discussed above.

\*     \*     \*

We have considered Mr. Stevens's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

470, 478 (2d Cir. 1995) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).   Filing a grievance, for example, is First Amendment protected speech,   *Davis v. Goord*, 320 F.3d 346, 352–53 (2d Cir. 2003).